THE VAN VLECK LAW FIRM LLP
Brian F. Van Vleck, State Bar No. 155250
bvanvleck@vvlawgroup.com
Stuart H. Kluft, State Bar No. 315081
skluft@vvlawgroup.com
5757 Wilshire Blvd., Suite 535
Los Angeles, California 90036
Telephone: (323) 920-0250
Facsimile: (323) 920-0249

Attorneys for Plaintiff
Miroslava De Paz

UNITED STATES DISTRICT COURT

CENTRAL DISCTRICT OF CALIFORNIA

| | |
|---|---|
| MIROSLAVA DE PAZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A., and DOES 1 through 100 inclusive,<br><br>    Defendants. | **CASE NO: 2:18-cv-09779-PSG-PJW**<br><br>**NOTICE OF MOTION AND MOTION TO RE-OPEN DISCOVERY**<br><br>[Declaration of Stuart H. Kluft in Support Thereof]<br><br>Judge: Hon. Philip S. Gutierrez<br>Magistrate: Hon. Patrick J. Walsh<br><br>Date: February 24, 2020<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 6A, Los Angeles<br><br>Action Filed: October 25, 2018 |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 24, 2020 at 1:30p.m., or as soon thereafter as the matter may be heard in Courtroom 6A of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, before the Honorable Philip S. Gutierrez, District Judge, Plaintiff Miroslava De Paz ("Plaintiff") will and does move the Court for an Order to Re-Open Discovery in the above-entitled case.

By this motion, Plaintiff seeks to re-open discovery as there is good cause for this Court to do so in light of the procedural posture, stipulations entered into between the parties, and Defendant's Motion to limit Plaintiff's Private Attorney General Act ("PAGA") action to an individual claim, or in the alternative, to require a trial plan explaining how Plaintiff plans to prove a representative PAGA claim.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 14, 2019 with supplemental meet and confers taking place on December 16, 2019 and December 18, 2019.

This motion will be, and is, based upon the supporting Memorandum of Points and Authorities, such argument of counsel as may be presented at the hearing thereof, and all papers and records on file herein.

DATED: December 23, 2019.                THE VAN VLECK LAW FIRM, LLP


By:      /s/ Brian F. Van Vleck
         Brian F. Van Vleck
         Stuart H. Kluft
         Attorneys for Plaintiff Miroslava De Paz

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Miroslava De Paz ("Plaintiff") seeks to re-open discovery for a limited time for the limited purpose to conduct further Private Attorney General Act ("PAGA") related discovery to address Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion to limit Plaintiff's PAGA action to an individual claim, or in the alternative, to require a trial plan explaining how Plaintiff plans to prove a representative PAGA claim ("Motion") under a novel theory that PAGA cause of action may be unmanageable.

Good cause exists to reopen PAGA-related discovery in this instance as Plaintiff was diligent in her efforts to obtain PAGA-related discovery, reopening discovery will likely lead to relevant evidence material to Defendant's Motion and at trial, and Defendant as the non-party to this motion would not be prejudiced as it deliberately limited Plaintiff's PAGA-related discovery and brings its Motion on a new theory to limit Plaintiff's claims *after* the discovery cutoff passed. If the Court grants Defendant's Motion but denies Plaintiff's motion to re-open discovery, an abuse of discretion can be found as the limited discovery sought is the very same discovery Defendant has made material to trial through its Motion.

Therefore, in light of the procedural posture in this case, stipulations entered into between the parties, and Defendant's Motion, the Court should reopen discovery for the limited purpose of conducting the very same written discovery Defendant makes material—"timekeeping or payroll data or any other data that would provide a basis for collective proof of a practice of denying meal and rest periods or forcing employees to work off-the-clock"[1]—for the individuals identified in the PAGA list that still (as of December 23, 2019) has not been turned over by Defendant.

---

[1] See Declaration of Stuart H. Kluft ("Kluft Decl.") at ¶ 13, Exhibit attached thereo ("Ex.") 8, at E-mail sent by Thomas Kaufman on Saturday December 14, 2019.

PLAINTIFF'S NOTICE OF MOTION AND
MOTION TO RE-OPEN DISCOVERY

2

The Van Vleck
Law Firm, LLP

## II. FACTS AND PROCEDURAL POSTURE

### A. Plaintiff Amends Her Complaint to Add Her Ninth Cause of Action For a Representative PAGA Action

On, or approximately, March 18, 2019, after fully exhausting administrative remedies under PAGA, Plaintiff filed her Second Amended Complaint to add her ninth cause of action for a representative PAGA action ("Second Amended Complaint"). *See* Dkt. #10. Therein, Plaintiff sought to represent similarly situated "aggrieved employees" on the basis that Defendant violated the California Labor Code as to its overtime, minimum wage, meal and rest break, recordkeeping, and timely payment of wages provisions as stated in her letter to the Labor and Workforce Development Agency ("LWDA") for administrative exhaustion. Kluft Decl. at ¶ 2.

### B. Plaintiff Diligently Seeks PAGA Discovery But Defendant Withholds Information Citing to Objections and Contemplated Partial Summary Judgment

On, or approximately, April 16, 2019, Defendant propounded discovery requests demanding the identification of the "aggrieved employees" Plaintiff seeks to represent in her PAGA cause of action. Kluft Decl. at ¶ 3, Ex. 1. Defendant unsatisfied with Plaintiff's responses, met and conferred with Plaintiff to supplement those responses to specify more clearly who she intended to represent as "aggrieved employees." Kluft Decl. at ¶ 4. On June 11, 2019, Plaintiff supplemented her responses thereby identifying the "aggrieved employees." Kluft Decl. at ¶ 5, Ex. 2.

On, or approximately, June 26, 2019, Plaintiff propounded discovery requests on Defendant in the form of Special Interrogatories and Requests for Production of Documents to "Identify the names" and "contact information" for the "aggrieved employees" she identified in her supplemental responses to Plaintiff's Special Interrogatories. Kluft Decl. at ¶ 6, Ex. 3.

On, or approximately, September 6, 2019, Defendant responded to each of these PAGA-related discovery requests with only objections and no substantive response. Kluft Decl. at ¶¶ 6-8, Exs. 4 and 5. Plaintiff met and conferred with Defendant on September 10, 2019 regarding its insufficient responses. Kluft Decl. at ¶¶ 8-11.

### C. The Parties Enter Into Stipulation to Limit PAGA Discovery In Light of Defendant's Motion for Partial Summary Judgment

On September 9, 2019, Defendant filed its Motion for Partial Summary Judgment ("Summary Judgment Motion"). *See* Dkt. #21. On, or approximately, September 10, 2019, the parties met and conferred as to the Defendant's deficient responses to Plaintiff's discovery requests, including the PAGA-specific requests. Kluft Decl. at ¶¶ 8-11.

During this meet and confer, Plaintiff stated she would also be filing a Motion to Continue the Motion Hearing Date pursuant Fed. R. Civ. P. Rule 56(f) so she could conduct depositions of the new witnesses produced in support of Defendant's Motion. Kluft Decl. at ¶¶ 8 and 9. Defendant stated that in lieu of Plaintiff filing the contemplated motion, it would stipulate to continue the hearing date if (1) Plaintiff would agree to limit the discovery sought to be supplemented to only the issues in the Partial Motion for Summary Judgment, and (2) if Plaintiff would await the Court's ruling on the Motion as to PAGA prior to Defendant producing PAGA discovery. Kluft Decl. at ¶ 9. The parties agreed to these terms, wherein, Plaintiff believed at this time that there would be sufficient time to conduct PAGA discovery consistent with these terms. Kluft Decl. at ¶¶ 9 and 10.

### D. Plaintiff Prevailed in Defeating PAGA Summary Judgment Claims But the Fruits of Her PAGA Discovery Have Yet to Be Turned Over By Defendant

After the stipulation entered into Defendant continued the Summary Judgment

Motion hearing date to eventually take place on December 9, 2019—one day prior to the discovery cutoff date. Kluft Decl. at ¶ 11.

On November 22, 2019, after all contemplated discovery and briefing was completed for the Motion (*See* Dkt. #21-25), Plaintiff renewed efforts to attain the PAGA discovery consistent with the prior stipulation. Kluft Decl. at ¶ 12, Ex. 7. Defendant responded on November 27, 2019, stating "with respect to the documents requested … [Defendant] can agree that if the PAGA claim survives summary judgment, we will provide the PAGA list requested, pursuant to a Bel-Aire West notice. To speed up the process, we are agreeable to reviewing a draft Bel-Aire West notice now and discussing any potential revisions with you next week." A draft Bel-Aire West notice was provided on December 3, 2019 and no response was given until after the discovery cutoff passed on December 11, 2019 regarding the same. Kluft Decl. at ¶ 12, Ex. 7.

The Court Ordered on December 10, 2019—the discovery cutoff date—that it denied Defendant's Summary Judgment Motion as to Plaintiff's ninth case of action for PAGA penalties for overtime, minimum wage, and meal and rest periods, and granted Defendant's Motion as to everything else sought by Defendant. *See* Dkt, #27.

### E. Defendant Now Seeks to Limit Plaintiff's PAGA Action While It Has Yet to Produce Any Of the PAGA Discovery It Agreed to Turn Over

On December 14, 2019—after several conversations via e-mail and telephone related to producing PAGA discovery on November 22, 27, December 3, 11, 12, and 13th—Defendant provided notice pursuant to Local Rule 7-3 that it was seeking to "limit plaintiff's PAGA action to an individual claim or, in the alternative, to require a trial plan explaining how plaintiff plans to prove a representative PAGA claim" because Defendant believes Plaintiff now does not have enough discovery to "try a PAGA claim on a collective basis." Kluft Decl. at ¶ 13, Ex. 8. Although Plaintiff strongly disagrees with Defendant's contentions, she now is stuck in the unwarranted

situation where she is still awaiting the fruits of her PAGA discovery to come in and may still need to conduct additional discovery based on this novel theory brought by Defendant, but is now barred by the discovery cutoff having elapsed as Defendant has delayed its' production. See Kluft Decl. at ¶ 12.

## III. THE COURT SHOULD RE-OPEN DISCOVERY TO PROPERLY ADDRESS DEFENDANT'S MOTION IN LIGHT OF THE FACTS AND PROCEDURAL POSTURE

Upon a showing of good cause the Court may modify dates set forth in a scheduling order, including a motion to reopen discovery. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); *Sheridan v. Reinke*, 611 Fed. Appx. 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirements to motions to reopen discovery.) The *Johnson* "good cause" standard primarily considers the diligence of the moving party, and the Court "should modify the scheduling order to reopen discovery only if the deadline could not 'reasonably be met despite the diligence of the party seeking' to reopen. *Lewis v. DOT Transportation, Inc.* 2018 Case No. 1:16-cv-01918-DAD-EPG 2018 WL 3203111, at *2 (E.D. Cal. June 26, 2018) citing *Johnson, supra,* 975 F.2d at 609. Ultimately, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson, supra,* 975 F.d at 609.

In evaluating good cause the Courts may consider a variety of factors including, but not limited to: (1) Whether the moving party was diligent in obtaining discovery, (2) the likelihood that the discovery will lead to relevant evidence, (3) whether the trial is imminent, (4) whether the request is opposed, (5) prejudice to the non-movant, (6) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and other considerations such as whether movant has requested an extension of deadlines prior. *See City of Pomona v. SQM North America Corporation*, 866 F.3d 1060, 1066 (9th Cir. 2017); *Lewis,*

*supra,* 2018 WL 3203111, at *2; *United States ex rel. Schumer v. Hughes Aircraft Co.,* 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), *vacated on other grounds,* 520 U.S. 939, 117 S.Ct. 1871 (1997).

In *Pomona v. SQM North America Corporation* ("*Pomona*") plaintiff moved to update its expert's report after the discovery cutoff, so his testimony would reflect the current state of knowledge in the community which had changed. Despite these relevant developments, the district court denied plaintiff's motion to reopen discovery to update the report, thus limiting the expert witness's testimony at trial. The 9th Circuit was unconvinced by the district court's two justifications to deny reopening discovery for a limited purpose; (1) that the update to the expert report might "create back-and-forth discovery, which could delay trial" and (2) that the updates to the report "were not material." *Pomona, supra,* 866 F.3d at 1066. The 9th Circuit found the district court applied the good cause legal standard "in an illogical manner, thus committing an abuse of discretion" as the potential to delay trial "was not the result of lack of diligence by [plaintiff]" and that updating the report was material as the proffered updates "directly combated the criticisms" by defendant and would have likely been addressed had discovery been reopened. *Id.*

Here, Plaintiff De Paz has been diligent in gathering PAGA discovery she believed necessary to prove her case at trial, and indeed, received several assurances from Defendant that the fruits of her discovery requests would be delivered in plenty of time prior to trial—which they still remain outstanding. Kluft Decl. at ¶¶ 7-10, and 12, Exs. 4, 6, and 7. It wasn't until *after* the discovery cutoff that Defendant gave notice of a novel motion to significantly limit her PAGA claim based on the fact that she lacked discovery to counter Defendant's novel motion. Kluft Decl. at ¶ 13. Defendant has made this discovery material as Defendant's criticism are specifically that Plaintiff failed to obtain "any class timekeeping or payroll data or any other data that would provide a basis for collective proof here of a practice of

denying meal and rest periods or forcing employees to work off-the-clock." Kluft Decl. at ¶ 13, Ex. 8. Thus, Simple written discovery requests on those limited issues made material by Defendant would "directly combat the criticisms" now posed by Defendant that would materially alter the trial.

Therefore, there is good cause that discovery should be reopened for the limited purposes made material by Defendant's motion to limit PAGA to an individual action, or in the alternative to require a trial plan explaining how Plaintiff plans to prove a representative PAGA claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant Plaintiff's motion and re-open discovery for a limited time and purpose.

DATED: December 23, 2019.    THE VAN VLECK LAW FIRM, LLP


By:  /s/ Brian F. Van Vleck
　　　Brian F. Van Vleck
　　　Stuart H. Kluft
　　　Attorneys for Plaintiff Miroslava De Paz